IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CECIL LEE FLENNER, | ) | CASE NO.  1:23-CV-02292 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN JAY FORSHEY, | ) | **ORDER ADOPTING** |
| | ) | **MAGISTRATE JUDGE'S** |
| Respondent. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| | ) | |
| | ) | (This Order Applies to Documents |
| | ) | ECF #21 and ECF #24) |

This matter is before the Court upon the *Report and Recommendation* of Magistrate

Judge James E. Grimes, Jr. (ECF #21), related to Petitioner Cecil Lee Flenner's *Petition for Writ*

*of Habeas Corpus Under 28 U.S.C. § 2254* (ECF #1).  The matter had been referred to

Magistrate Judge Grimes pursuant to 28 U.S.C. § 636(b)(1), with review to this Court as

provided by FED. R. CIV. P. 72(b)(3) and N.D. OHIO L. CIV. R. 72.3(b).

The Magistrate Judge's *Report and Recommendation* was filed on December 3, 2024.  In

the *Report and Recommendation*, Magistrate Judge Grimes recommends that the *Petition* be

denied. (ECF #21).  Following issuance of the *Report and Recommendation*, Petitioner Flenner

filed an *Objection to the R&R*, (ECF #24), pursuant to FED R. CIV. P. 72(b)(2).  Because

objection was made to the Magistrate Judge's *Report and Recommendation*, this Court reviewed

the case *de novo*.  FED. R. CIV. P. 72(b)(3).

For the reasons set forth below, the *Report & Recommendation* is hereby ADOPTED in its entirety.

## I. **PROCEDURAL BACKGROUND**

Petitioner Cecil Lee Flenner filed a *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254* (ECF #1) ("*Petition*"), on November 27, 2023, challenging the constitutionality of his convictions in the Trumbull County Court of Common Pleas for two counts of aggravated burglary, two counts of rape, one count of kidnapping, one count of domestic violence, and one count of tampering with evidence.

The *Petition* asserted five grounds for relief:

**Ground One**: "No sufficient evidence exists for any forcible rape, restraint of liberty or tampering with evidence";

**Ground Two**: "Double-jeopardy violation(s) in the form of failure to merge allied offenses of similar import &/or multiple like offenses";

**Ground Three**: "Denial of effective assistance of appellate counsel";

**Ground Four**: "Denial of effective assistance of trial counsel"; and

**Ground Five**: "Denial of a fair and speedy trial."

(ECF #1, *Petition*, PageID #5-#12).

Respondent, Warden James "Jay" Forshey, of the Noble Correctional Institution (through the Ohio Attorney General's Office), initially filed a *Motion for Leave to File a Motion to Dismiss, Instanter* (ECF #7), arguing that the claims asserted in the *Petition* were barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court."). After briefing, the motion was denied on June 14, 2024, (ECF #9),

and Respondent Forshey was given 30 days to file a *Return of Writ*, which was filed on July 11, 2024 (ECF #10).  Petitioner Flenner then filed a *Traverse* on September 23, 2024, (ECF #15), after having been given until September 25, 2014 to file (Non-Document Order Related to ECF #12).  Respondent later filed a *Supplemental Return of Writ* on October 10, 2024, (ECF #18), to which Petitioner replied with his *Traverse to Respondent's Supplemental Return of Writ*, filed on November 18, 2024, (ECF #20).

## II.  LEGAL STANDARDS

### A.  Report and Recommendation Review Under Fed. R. Civ. P. 72(b)(3)

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report and recommendation.  When objections are made to the magistrate judge's report and recommendation, as was done here,  the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b)(3).  When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 Advisory Committee Notes (citations omitted).  *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit).

Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.  Applying the appropriate standards of review under the Act, the Magistrate Judge correctly found that Mr. Flenner's grounds for relief were not supported.  Specifically, Magistrate Judge Grimes determined each of the following legal issues

related to Petitioner's claims.

### 1. *Ground One*

In his Petition, Mr. Flenner argued "No sufficient evidence exists for any forcible rape, restraint of liberty or tampering with evidence." (ECF #1, PageID #5). In his *Traverse*, Petitioner admitted that "Ground One is untenable, as Petitioner was under the impression that issues were fully and timely exhausted. Petitioner respectfully asks that this Court strike such claim." (ECF #15, PageID #1482). Considering this, and Petitioner's later *Traverse to Respondent's Supplemental Return of Writ*, (ECF #20), which omits any discussion of Ground One, the *Report and Recommendation* correctly determined that Ground One has been withdrawn. (ECF #21, PageID #1577).

### 2. *Ground Two*

As Ground Two, Petitioner argued "Double-jeopardy violation(s) in the form of failure to merge allied offenses of similar import &/or multiple like offenses," (ECF #1, PageID #7), contending that the trial court should have merged the "allied offenses" of kidnapping with the rape and tampering with evidence counts, and that the two rape counts should have been merged with each other. (*Id.*). The *Report and Recommendation*, in a thorough and detailed analysis, determined that these claims were each procedurally defaulted, with the kidnapping count argument defaulted due to Petitioner's failure to timely raise this claim on direct appeal to the Ohio Supreme Court and the Ohio Supreme Court's subsequent denial of his motion for leave to file a delayed appeal to raise any claim, (ECF #21, PageID #1577-#1579); and the rape counts argument defaulted because he never argued on direct appeal that the two rape counts were allied

offenses, (ECF #21, PageID #1583), and failed to comply with state-court rules applicable to subsequent delayed appeals on this claim, (ECF #21, PageID #1583-#1588).  The Court finds the analysis of the *Report and Recommendation* correctly determined.

### 3. *Ground Three*

As Ground Three, Petitioner argued that his appellate counsel was ineffective for failing to raise on direct appeal ineffective-assistance-of-trial-counsel claims based on trial counsel's alleged failure to call an expert witness, object to purportedly tainted evidence, and alleged failure to move for dismissal on speedy trial grounds.  (ECF #1, PageID #8).  The Magistrate Judge determined that this ground was procedurally defaulted, as reflected in the analysis set forth in pages 30-31 of the *Report and Recommendation.*  (ECF #21, PageID #1589-#1590).  The Court agrees with this analysis and finds that resolution of this claim was correctly determined.

### 4. *Ground Four*

As Ground Four, Petitioner argues that his trial counsel was ineffective for "failure to call a clinical expert witness, object to the prosecution's presentation of false, tainted evidence, and to move for dismissal based on a violation of speedy trial right," and for "creat[ing] a structure where Petitioner was denied any defense, even that of an affirmative defense."  (ECF #1, PageID #10).  The *Report and Recommendation* addresses each of these assertions in a thorough and detailed analysis, determining that the claims related to alleged "false, tainted evidence" and denial of a right to speedy trial are procedurally defaulted, ECF #21, PageID #1591-#1592), and that the claims alleging "failure to call a clinical expert witness" and "creat[ing] a structure where Petitioner was denied any defense, even that of an affirmative defense" are not cognizable and

thus fail on the merits, (ECF #21, PageID #1592-#1600). Again, the Court agrees with the analysis on each of the individual claims and finds that resolution of the ineffective trial counsel claim was correctly determined.

### 5. *Ground Five*

Finally, for Ground Five, Petitioner argues that his right to a speedy trial was violated generally.[1] (ECF #1, PageID #12). The *Report and Recommendation* recommends that this claim be rejected as procedurally defaulted based on a failure by Petitioner to raise the claim on direct appeal, (ECF #21, PageID #1601), and on Petitioner's failure to properly and timely raise the claim on an application to reopen under Ohio Appellate Rule 26(B), failure to appeal to the Ohio Supreme Court the court of appeals' rejection of his Rule 26(B) application as untimely, and failure to timely file a delayed application for reconsideration in the Ohio Court of Appeals, (ECF #21, PageID #1601-#1602). The Court agrees with this recommendation, as supported by the analysis set forth in the *Report and Recommendation*, and finds that resolution of the denial of speedy trial claim was correctly determined.

The arguments raised in Mr. Flenner's *Objection to the R&R* do not cast any doubt on the ultimate conclusions made by Magistrate Judge Grimes in the *Report and Recommendation*.

Pursuant to FED. R. CIV. P. 72(b)(3), the Court has reviewed *de novo* the Magistrate Judge's *Report and Recommendation*, and finds Magistrate Judge Grimes's *Report and Recommendation* (ECF #21) to be thorough, well-written, well-supported, and correct. The

---

[1]

   The specific argument raised was "Denied a fair trial by way of infirm to right of compulsory process and the prosecution's repeated presentation of tainted evidence. Trial was not held in time period prescribed by statute, as sanctioned by constitutional policy to allow a state to exact a specific time period." (ECF #1, PageID #12).

Court finds that Petitioner Cecil Lee Flenner's *Objection to the R&R* raises no arguments, factual or legal, that have not been fully and correctly addressed by the Magistrate Judge's *Report and Recommendation*, and that Petitioner's objections are unwarranted. Therefore, the *Report and Recommendation* (ECF #21) is hereby ADOPTED in its entirety.

## B. Certificate of Appealability Under 28. U.S.C. § 2253(c)

Pursuant to 28 U.S.C. § 2253, the Court must further determine whether to grant a certificate of appealability as to any of the claims presented in the *Petition*. Section 2253 of Title 28 of the United States Code provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> **(B)** the final order in a proceeding under section 2255.
>
> **(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> **(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542, 554 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S. Ct. 3383, 3394 & n.4, 77 L. Ed. 2d

1090, 1104 & n.4 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, 146 L. Ed. 2d at 555. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

To the extent that Petitioner's claims were rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. This finding applies equally to the extent Petitioner's claims were rejected on procedural grounds. Accordingly, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

## III. CONCLUSION

The Court has carefully reviewed the *Report and Recommendation*, and agrees with the findings set forth therein. Accordingly, the *Report and Recommendation* of Magistrate Judge Grimes (ECF #21) is ADOPTED in its entirety.

Petitioner's *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254* (ECF #1) is hereby DENIED.

The Court finds there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

_____

DONALD C. NUGENT
United States District Judge

DATED: _March 25, 2025_